# Wagner's Appeal.

1. A laborer claiming $200 wages out of the proceeds of an execution, under the Act of April 9th 1872, may appropriate payments for wages made to him within six months preceding the sale, to wages due him prior to the six months.

2. At the time of a sheriff's sale of personalty the defendant in the execution was indebted to a laborer, for wages earned prior to the six months immediately preceding the sale, in the sum of $355, and in the further sum of $525, for wages earned during said six months. The laborer had been paid by his employer, during the six months, sums for wages aggregating $426.94. The laborer claimed $200 from the fund:

*Held,* that in the absence of a specific appropriation of the sums so paid during the six months, the claimant was entitled to apply them to the earliest indebtedness, including wages due prior to the six months,

and to receive from the fund the full amount of $200, if so much remained due on account of wages earned within the six months.

March 30th 1883.    Before MERCUR, C. J., GORDON, TRUN-KEY, GREEN and CLARK, JJ. PAXSON and STERRETT, JJ., absent.

APPEAL from the Court of Common Pleas No. 4, of *Philadelpha county*: Of January Term 1882, No. 458.

This was an appeal by William Wagner, from a decree of said court, distributing the proceeds of personalty sold under an execution issued upon a judgment obtained by said Wagner against one Charles W. Wright.

The material facts were as follows: The sheriff paid into court a certain fund, being the balance of the proceeds of an execution against personal property belonging to Charles W. Wright, and an auditor was appointed to report distribution thereof. At the audit, one Anthony Huver (who had filed with the sheriff, prior to the sale, a labor claim) claimed $200 out of the fund in court. The Auditor found that Huver had been in the continuous employ of the defendant in the execution for a period exceeding six months immediately preceding the sheriff's sale; that at the commencement of six months preceding the sale a balance of $355.67 was due him for wages; that during said six months he earned the sum of $525, and that during said six months he had been paid sums for wages aggregating $426.94—no specific appropriation of these sums having been made at the times of payment by his employer or himself.

Huver claimed to appropriate said sum of $426.94 to the earliest indebtedness, including the wages due prior to the six months, and to be awarded from the fund the full limit of $200, allowed by the Act of Assembly. The Auditor allowed his claim, and awarded him $200, and awarded the balance of the fund to Wagner, plaintiff in the execution.

Exceptions filed by Wagner to the award, on the ground that the Auditor erred in applying the doctrine of appropriation to the Act of 1872, whereas the payments made to Huver during the six months preceding the sale should have been deducted from the wages earned by him during the same period, thus reducing his lien on the fund to the sum of $98.06, were dismissed by the court, and the report was confirmed; whereupon Wagner took this appeal, assigning for error said action of the court.

*Charles P. Sherman*, for the appellant.—The Act of 1872, unlike the Wages Act of April 7th 1849, and the Rent Act of June 16th 1836, § 83, expressly limits the time within which wages earned shall be a lien, the effect being the same as if the

[Wagner's Appeal.]

laborer had commenced work exactly *six* months prior *to* the sale. Prior transactions must be ignored, and payments made within the six months should be credited to wages earned within that period. The doctrine of appropriation of payments cannot apply to the Act of 1872.

*Charles L. Smyth*, for the appellee, cited: Pierce v. Sweet, 9 Casey 151, Hollister v. Davis, 4 P. F. Smith 508; Diehl v. Myers, 1 Weekly Notes 628, and cases cited; McKee's Executors v. The Commonwealth, 2 Grant 24; Speck v. The Commonwealth, 3 W. & S. 328; Logan v. Mason, 6 W. & S. 9; Watt v. Hoch, 1 Casey 411; Berghaus v. Alter, 9 Watts 386; Smith v. Brooke, 13 Wright 147; Reed's Appeal, 6 Harris 235; O'Brien v. Hamilton, 12 Phila. 387; Reed v. Ward, 10 Harris 144.

Chief Justice MERCUR delivered the opinion of the court, April 23d 1883.

This distribution arises under the Act of 9th April 1872, Pur. Dig. 1464. It is conceded that the wages of the appellee for the six months immediately preceding the sheriff's sale exceeded $200. It is admitted that the appellee sustained such a relation to the defendant in the execution, and to the fund, as to entitle him to claim the $200, if so much of the sum earned within said six months, remained unpaid.

It appears that the appellee had been in the employ of the defendant in the execution for some time prior to the preceding six months. His wages during that time added to those earned within the six months amounted to $887.64. Different sums amounting in the aggregate to $426.94 had been paid to the appellee within six months prior to the sale. The contention is whether this sum must be applied on the wages earned within the six months preceding the sale, or whether the appellee may apply, on the previous indebtedness, so much as is necessary to satisfy the same.

The general rule of law as to the application of payments is well settled. It is this; when one indebted to another on several accounts, makes a payment, he may direct on which it shall be applied. If he omits so to do, the creditor may apply the payment as he sees proper. When no specific application has been made by either debtor or creditor, the law will apply it in the way most beneficial to the creditor, or in discharge of the earliest liabilities of a running account: Pierce et al. v. Sweet, 9 Casey 151; Smith v. Brooke, 13 Wright 147; Hollister v. Davis, 4 P. F. Smith 508. The creditor may reserve his election until he is called on to report his action: Wharton on Contracts, § 932.

When the debtor paid the several sums aggregating $426.94 he made no specific application of any of them. His indebtedness prior to the six months was not only the earliest; but it was least secured. It was therefore most beneficial to the appellee to apply the payments thereon. The elder debt lacked the security of lien given by the Act cited. The appellee therefore had a right to apply the payments thereon. If he had not so elected prior to the levy on the property, he might then make the election. He did make it, and gave due notice of his claim prior to the sale. On what principle then shall the sum due Ifim for wages within the six months, not exceeding $200, be disallowed? His claim is meritorious. Under the well recognised rules controlling the application of payments, all the money paid was correctly applied on the earlier indebtedness.

The court committed no error in adjudging it to be so applied, nor in the disposition made of the costs.

> Decree affirmed and appeal dismissed at the costs of the appellant.